IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| D.S., by and through his parents, Clarenore and Greg S., | ) ) ) | CV. NO. 10-00053 BMK |
| Plaintiff, | ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR |
| vs. | ) ) ) | ATTORNEYS' FEES AND RELATED NONTAXABLE |
| DEPARTMENT OF EDUCATION, State of Hawaii, | ) ) ) | EXPENSES |
| Defendant. _____ | ) ) | |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED
NONTAXABLE EXPENSES

Before the Court is Plaintiff D.S., by and through his parents, Clarenore and Greg S.'s (collectively "Plaintiff") Motion for Attorneys' Fees and Related Nontaxable Expenses.[1] (Doc. # 31.) Defendant Department of Education, State of Hawaii ("DOE") opposes the motion. (Doc. # 34.) Pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing. After careful consideration of the motion, and the supporting and opposing memoranda, the Court GRANTS IN PART and DENIES IN PART

---

[1] The Court notes that the motion does not request any nontaxable expenses.

Plaintiff's Motion for Attorneys' Fees and Related Nontaxable Expenses.

BACKGROUND

A detailed summary of the facts of this case was provided in the Court's order filed on April 1, 2011. (See Doc. # 29.) The Court thus repeats only those facts that are necessary for a determination of the instant matter. This motion arises out of Plaintiff's appeal of an Administrative Hearings Officer's ("Hearings Officer") Findings of Fact, Conclusions of Law, and Decision ("Decision") rendered pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq. The Decision concerned the appropriateness of D.S.'s 2009 individualized education programs ("IEPs"). In his Decision, the Hearings Officer concluded that Plaintiff did not prove by a preponderance of the evidence that the 2009 IEPs were procedurally or substantively flawed. (R. at 101.)

The Court heard Plaintiff's appeal on December 20, 2010. (Order at 1.) On April 1, 2011, the Court issued an Order Affirming in Part, Reversing in Part, and Remanding the Hearings Officer's Decision. (Doc. # 29.) The Court noted that Plaintiff raised essentially four arguments on appeal: (1) the Hearings Officer erred in failing to address the DOE's inability to secure Loveland Academy's ("Loveland") attendance at the 2009 IEP meetings pursuant to 34 C.F.R. § 300.325(a)(2); (2) the Hearings Officer erred in concluding that the

2009 IEPs were procedurally valid when the DOE did not make a formal, written offer of placement; (3) the Hearings Officer erred in concluding that a transition plan was not require for D.S.'s transition from Loveland to a DOE school; and (4) the Hearings Officer erred in concluding that the 2009 IEPs were adequate to meet D.S.'s needs based upon the information that was provided to the IEP team as of the dates of the IEPs. (Order at 23.)

As to the first two arguments, the Court noted that Plaintiff failed to raise these arguments in front of the Hearings Officer. (Id. at 23-25.) The Court therefore deemed these arguments waived. (Id. at 24-25.) As to the third argument, the Court held that the Hearings Officer was correct in concluding that a transition plan was not required for D.S.'s transition from Loveland to a DOE school. (Id. at 27.) The Court thus affirmed the Hearings Officer's Decision to this extent. (Id.) As to the last argument, the Court concluded that the 2009 IEPs were substantively deficient, thereby depriving D.S. of a free appropriate public education ("FAPE"). (Id. at 32.) The Court thus reversed the Hearings Officer's Decision to the extent he concluded that the 2009 IEPs were substantively adequate, and granted Plaintiff's request for reimbursement. (Id. at 32-38.) The Court, however, used its equitable powers to reduce the amount of reimbursement to Plaintiff by thirty percent because D.S.'s parents acted unreasonably. (Id. at 34-

38.) The Court remanded the case to the Hearings Officer for a determination of the amount owed to Plaintiff. (Id. at 38-39.)

On April 1, 2011, judgment was entered pursuant to the Court's order. (Doc. # 30.) Plaintiff then moved for an award of attorneys' fees pursuant to 20 U.S.C. § 1415(i)(3)(B). (Mot. at 2.) In his motion, Plaintiff requested attorneys' fees for work performed by Jerel D. Fonseca and Matthew C. Bassett in connection with the administrative and district court proceedings, respectively. (Mem. in Supp. of Mot. at 7-8.) Plaintiff has since reached a settlement with respect to Fonseca's fees, and therefore, this order addresses only the fees requested by Bassett. (See Opp'n at 3.)

## DISCUSSION

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability . . . ." 20 U.S.C. § 1415(i)(3)(B)(i)(I). The DOE does not dispute that Plaintiff is the prevailing party and that, as such, he is entitled to an award of attorney's fees. (See Opp'n at 4.) Therefore, the only dispute is the amount of the award.

To calculate an award of reasonable attorney's fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424

(1983). Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny"). Under Hensley, 461 U.S. at 433, the "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Once calculated, the lodestar amount is presumptively reasonable, although it may be subject to adjustment in certain circumstances. Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993); see also Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (citation omitted).

In this case, Plaintiff requests the following lodestar amount for Bassett:

|  | Hours | Rate | Lodestar |
|---|---|---|---|
| Attorney's Fees | 63.4 | $275 | $17,435.00 |
| Travel | 6.0 | $100 | $    600.00 |
|  |  | TOTAL | $18,035.00 |

(Mot. Ex. B.) The DOE does not object to Bassett's hourly rate. (Opp'n at 4.) Thus, the Court's inquiry focuses only on the reasonableness of the number of hours expended.

5

As to the reasonableness of the number of hours expended, the party seeking fees bears the burden of proving that such hours were associated with the relief requested and reasonably necessary to achieve the results obtained. See Tirona, 821 F. Supp. at 636. Plaintiff attached to his motion documentation itemizing the number of hours expended by Bassett. (Mot. Ex. B.) Bassett asserts that said hours were reasonably necessary to litigate the action on appeal. (See Bassett Decl. ¶ 19.)

The DOE objects to the number of hours expended, arguing that certain billing entries: (1) do not comply with Local Rule 54.3(d)(2); (2) contain excessive billing; (3) include time spent on clerical or ministerial tasks; and (4) include time spent traveling from Maui to Oahu to attend the hearing on Plaintiff's appeal. (Opp'n at 6-11.) The DOE requests that after the appropriate reductions are made, the Court further reduce the amount of the award based on Plaintiff's partial or limited success on appeal. (Id. at 11-13.) The Court addresses the DOE's objections in turn.

A.  Local Rule 54.3(d)(2)

The DOE objects to certain billing entries for time spent on legal research. (Id. at 6-8.) These entries are dated September 12, 2010 and October 28, 2010, and they are for 8.2 and 4.3 hours, respectively. (Mot. Ex. B at

6

3.)  The DOE objects to these entries on the ground that their descriptions do not comply with Local Rule 54.3(d)(2).  (Opp'n at 6-7.)  This Local Rule provides:

> **Description of Services Rendered.**  The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated.  In describing such services, counsel should be sensitive to matters giving rise to attorney-client privilege and attorney work product doctrine, but must nevertheless furnish an adequate non-privileged description of the services in question.  If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly.  For example, . . . ***entries for legal research must include an identification of the specific issue researched*** and, if possible, should identify the pleading or document for which the research was necessary . . . .

Local Rule LR54.3(d)(2) (emphasis added).

The entries to which the DOE objects include the names of the cases reviewed and the pleading or document for which the research was necessary.  (See Mot. Ex. B at 3.)  They, however, do not identify the specific issues researched.  The Court has the discretion to reduce the requested award for inadequate descriptions and the ultimate question is whether there is sufficient information to allow the Court to assess the reasonableness of the requested fees.  Brandon E. v. Dep't of Educ., Civ. No. 07-00536 ACK-LEK, 2008 WL 4602533, at *9 (D. Haw. Oct. 16, 2008).  After reviewing the entries, the Court finds that there is sufficient information to allow the Court to determine the reasonableness of the requested

7

fees. The Court therefore declines to reduce Bassett's requested hours based on the entries' inadequate descriptions. The Court, however, notes that this does not prevent it from making appropriate reductions in future motions for attorney's fees filed by Bassett for inadequate descriptions of services rendered.

B.     Excessive Billing

The DOE objects to certain entries on the ground that they contain excessive billing. (Opp'n at 8-9.) Specifically, the DOE objects to the following: 2.5 hours spent reviewing the DOE's exhibit list (September 12, 2010); 16.0 hours spent drafting Plaintiff's Opening Brief (September 13 and 14, 2010); and 13.9 hours spent drafting Plaintiff's Reply Brief (October 28 and 29, 2010). (Id. at 8.) The DOE argues that the time spent on the foregoing is excessive given that the DOE's exhibit list was about two pages in length; the time spent drafting Plaintiff's Opening Brief does not include the time spent on fact gathering or research; and Plaintiff's Reply Brief was about eight pages in length. (Id. at 8-9.) Plaintiff argues in reply that the time spent reviewing the DOE's exhibit list also includes the time spent reviewing the DOE's exhibits; and the time spent drafting Plaintiff's Opening and Reply Briefs is reasonable. (Reply at 4-5.) The Court finds that the time billed by Bassett, as set forth above, is reasonable. The Court therefore declines to reduce Bassett's requested hours for excessive billing.

8

C. Clerical or Ministerial Tasks

The DOE objects to certain entries on the ground that they include time spent performing clerical or ministerial tasks. (Opp'n at 9-10.) "Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate." Jeremiah B. v. Dep't of Educ., Civ. No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010). The Court finds that, of the entries to which the DOE objects, only the entry dated January 13, 2010 includes time spent performing clerical or ministerial tasks: 0.2 hours for "[r]eceiv[ing] transmittal letter and evidence binder including pleadings file and hearing transcripts from [Fonseca.]" (Mot. Ex. B at 2.) This Court has noted that receiving documents is clerical or ministerial, and therefore, not compensable. See Haw. Motorsports Inv., Inc. v. Clayton Grp. Servs., Inc., Civ. No. 09-00304 SOM-BMK, 2010 WL 4974867, at *5 (D. Haw. Dec. 1, 2010). Accordingly, the Court deducts 0.2 hours from Bassett's requested hours.

D. Travel from Maui to Oahu

The DOE objects to time billed by Bassett for traveling from Maui to Oahu to attend the hearing on Plaintiff's appeal. (Opp'n at 11.) Bassett billed 6.0 hours for such time. (Mot. Ex. B at 4.) This Court has awarded counsel reasonable travel time for case-related travel to and from the other islands or the

9

mainland.  See Melodee H. ex rel. Kelii H. v. Dep't of Educ., Civ. No. 07-00256 HG-LEK, 2008 WL 4344701, at *12 (D. Haw. Sept. 23, 2008); see also Apana v. TIG Ins. Co., Civ. No. 06-00653 JMS-LEK, 2008 WL 3891887, at *8 (D. Haw. Aug. 22, 2008); Goray v. Unifund CCR Partners, Civ. No. 06-00214 HG-LEK, 2008 WL 2404551, at *6 (D. Haw. June 13, 2008).  In this case, however, the Court finds that the time billed by Bassett is excessive, particularly because it does not include the time he spent at the hearing on Plaintiff's appeal.  The Court finds that, instead, 2.0 hours in travel time is reasonable.  The Court therefore deducts 4.0 hours from Bassett's requested hours.

E.     Partial or Limited Success

The DOE argues that the amount of the fee award should be further reduced based on Plaintiff's partial or limited success on appeal.  (Opp'n at 11-13.)  The DOE notes that on appeal:  (1) Plaintiff prevailed on only one of his four arguments, and (2) the amount of reimbursement awarded to Plaintiff was reduced by thirty percent.  (Id. at 12.)  The DOE therefore requests that the fee award be reduced by seventy-five percent, or in the alternative, thirty percent.  (Id. at 12-13.)

The Ninth Circuit has held that the "degree of success" standard announced in Hensley applies to attorney's fees awards under the IDEA.

Aguirre, 461 F.3d at 1115. Under Hensley, 461 U.S. at 440, "the extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees . . . ." The Supreme Court stated:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.

Id. The Court applies the Hensley standard to this case.

As to the first inquiry, whether the lawsuit consists of distinct or related claims, the Court concludes that this case consists of related claims. Unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories," which is not the case here. Id. at 434. Because the unsuccessful and successful claims are related, the Court must apply the second inquiry, which is, "[D]id the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" Id. In Hensley, the Supreme Court noted:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply

> because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.
>
> If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

Id. at 435 (internal citation and footnote omitted). In this case, although Plaintiff did not succeed on all of the arguments raised, the Court finds that the degree of success obtained was significant. In its order, the Court concluded that the 2009 IEPs were substantively deficient, thereby depriving D.S. of a FAPE. (Order at 32.) The Court thus reversed the Hearings Officer's Decision to the extent he concluded that the 2009 IEPs were substantively adequate, and granted Plaintiff's request for reimbursement. (Id. at 32-38.) Although the Court reduced the amount of reimbursement to Plaintiff by thirty percent, the Court finds that the results obtained were nevertheless excellent. Accordingly, the Court declines to reduce Bassett's fee award for partial or limited success.

F.   Total Lodestar Amount

Based on the foregoing, the Court awards Plaintiff the following lodestar amount for Bassett:

|  | Hours | Rate | Lodestar |
|---|---|---|---|
| Attorney's Fees | 63.2 | $275 | $17,380.00 |
| Travel | 2.0 | $100 | $    200.00 |
| Subtotal |  |  | $17,580.00 |

## CONCLUSION

As set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees and Related Nontaxable Expenses. Specifically, Plaintiff is awarded $17,580.00 in attorney's fees for the work performed by Bassett.

IT IS SO ORDERED.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

D.S., by and through his parents, Clarenore and Greg S. v. Department of Education, State of Hawaii; Civ. No. 10-00053 BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND RELATED NONTAXABLE EXPENSES.