IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| D.S., by and through his parents, Clarenore and Greg S.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII,<br><br>Defendant. | Civ. No. 10-00053 BMK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant State of Hawaii Department of Education's ("DOE") Motion for Reconsideration (Doc. # 44.) After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Court DENIES the motion.[1]

The background of this case is summarized in the Court's August 9, 2012 Amended Order Granting Plaintiff D.S.'s Motion For Stay Put (Doc. # 45.) The DOE filed its motion for reconsideration challenging that order, asserting that: 1) D.S. was not entitled to stay put during the proceedings before this Court

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

because Loveland Academy was not the current educational placement; 2) the Court applied the wrong test to determine whether the proceedings were final; 3) Stay put is not a means to prolong public funding where placement is not at issue; and 4) the Court should enter a final order now, rather than waiting until after the remand is decided. (Doc. # 44.)

First, the DOE did not argue that Loveland was not D.S.'s educational placement in the prior proceedings before this Court. (Doc. # 45 at 5; Doc. # 40.) Rather, the DOE argued that stay put did not continue during the remand proceedings. (Doc. # 40 at 4-6.) The Court declines to consider the DOE's argument regarding whether Loveland was D.S.'s stay put placement because "reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision." Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp.2d 1253, 1269-70 (D. Haw. 2005).

Second, the DOE asserts that the Court applied the wrong test to determine whether the case was closed. (Doc. # 44 at 5-10.) But other cases in this district have applied the three-part test cited in this Court's August 9, 2012 Amended Order to determine whether IDEA proceedings are final. See Aliah K. ex rel. Loretta M. v. Hawaii Dept. of Educ., 788 F. Supp.2d 1176, 1190-91 (D. Haw. 2011); Aaron P. v. Hawaii Dept. of Educ., Civ. No. 10-00574 LEK-KSC,

2011 WL 6934560, at *5 (D. Haw. Dec. 30, 2011); Dept. of Educ. v. M.F., Civ. No. 11-00047 JMS-BMK, Doc. # 83 at 6 (D. Haw. Apr. 17, 2012). Additionally, in Shapiro v. Paradise Valley Unified School Dist. No. 69, the Ninth Circuit relied on the three part test to determine whether a remand order in an IDEA case was final for the purpose of an appeal. 152 F.3d 1159, 1160 (9th Cir. 1998). Because the due process proceedings in this case were not final and the remand was still pending, the DOE was required to continue stay put until those proceedings concluded.

Third, the DOE's argument that D.S. "dragged out" the remand process in order to obtain additional stay put relief is not supported by the record. (Doc. # 44 at 10-12.) Although the remand hearing was calendared over a year after the Court's April 1, 2011 order remanding the matter back to the Hearings Officer, the DOE has not produced any evidence that D.S. deliberately delayed the proceedings. The DOE also asserts that stay put is not a "means to prolong public funding during the pendency of issues where placement was not at issue," but it has not produced binding authority indicating that stay put only applies when placement is at issue on remand.

Finally, the DOE requests that the Court decide the amount of stay put owed in this order, and enter a final judgment. (Doc. # 44 at 12-13.) The Court

agrees. The parties have provided the Court with an exhibit calculating the amount owed by the DOE as $242,077.11. After reviewing the materials provided by the parties, the Court FINDS that the DOE owes $242,077.11 in stay put.

## CONCLUSION

For the foregoing reasons, the Court DENIES the DOE's motion for reconsideration, and awards D.S. $242,077.11 in stay put relief. The Court DIRECTS the Clerk of Court to close the case.

DATED: Honolulu, Hawaii, September 28, 2012.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

D.S. v. Dept. of Educ., State of Hawaii, Civ. No. 10-00053 BMK, ORDER DENYING MOTION FOR RECONSIDERATION